# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Taquan Dion Marquise Marshall,  )<br>Petitioner,  )<br> )<br>v.   )<br> )<br>Warden of the Sussex II State Prison,  )<br>Respondent.  ) | 1:13cv1351 (LO/JFA) |

## MEMORANDUM OPINION

Taquan Dion Marquise Marshall, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Portsmouth, Virginia of second-degree murder, robbery, and two counts of use of a firearm in the commission of a felony. Marshall filed his petition on October 22, 2013. On March 24, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on April 4, 2014. For the reasons that follow, petitioner's claims must be dismissed. Also before the Court is petitioner's "Motion to Amend and/or Supplement to Federal Habeas Corpus," which will be denied, as moot.

## I. Background

On July 26, 2011, a jury convicted petitioner of second-degree murder, robbery, and two counts of use of a firearm in the commission of a felony in the Circuit Court for the City of Portsmouth. Commonwealth v. Marshall, Case Nos. CR11R00033-01 through CR1100033-03, CR1100033-04. Petitioner's first trial on these offenses had ended in a hung jury and a mistrial. On October 17, 2011, the court sentenced petitioner to seventy-five years' imprisonment, with

twenty-five years suspended, as well as fifteen years' probation. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, challenging the sufficiency of the evidence used to convict him, specifically arguing about the credibility of the Commonwealth's witnesses. On March 21, 2012, the Court of Appeals denied the petition for appeal, and a three-judge panel denied rehearing on June 8, 2012. Marshall v. Commonwealth, R. No. 2138-11-1 (Va. Ct. App. 2012). On December 5, 2012, the Supreme Court of Virginia denied petitioner's petition for appeal. Marshall v. Commonwealth, R. No. 121152 (Va. 2012).

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming (1) ineffective assistance of trial counsel for failing to request a continuance on the day of trial; (2) insufficient evidence to support his convictions; and (3) ineffective assistance of appellate counsel for failing to argue that the trial court erred in not granting a continuance. On August 12, 2013, the court dismissed the petition. Marshall v. Warden of the Sussex II State Prison, R. No. 130504 (Va. 2013). On October 22, 2013, petitioner filed the instant federal habeas petition,[1] arguing that: (1) his trial counsel was ineffective for failing to renew her motion for a continuance on the day of trial in order to obtain proof of preferential treatment of a prosecution witness; (2) the Commonwealth's evidence – specifically, the testimony of Commonwealth's witness Michelle Hunt – was insufficient to sustain a guilty verdict; and (3) the petitioner is actually innocent of the crime.[2]

On March 24, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on April 4, 2014, and a Motion to Amend on July 16, 2014. Based on the

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner signed and dated his federal petition on October 22, 2013.

[2] Petitioner does not raise this argument as a separate claim, but includes it in his discussion of the sufficiency of the evidence used to convict him. For purposes of clarity, the Court treats this argument as a separate claim.

2

pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254, with the exception of his actual innocence claim, which will be discussed below. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Terry Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state]

court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

A. Ineffective Assistance of Counsel

Petitioner first argues that his trial counsel was ineffective for failing renew a motion for continuance on the day of trial. Pet. Att. 4-5. The motion stemmed from a July 19, 2011 motion to compel discovery material about KeJuan Perry, to whom petitioner had confessed while the men were incarcerated together. See Marshall v. Commonwealth, R. No. 2138-11-1, at *2 (Va. Ct. App. 2012). On July 19, 2011, the trial court ordered the Chesapeake County Commonwealth's Attorney to inform petitioner's attorneys whether Perry had been given any consideration in his own underlying cases for his testimony at petitioner's trial. See Mot. to Dismiss ¶ 3. At the time of petitioner's trial, Perry had pled guilty in Chesapeake Circuit Court to grand larceny and grand larceny with the intent to sell, but had not yet been sentenced. A burglary charge had also been *nolle prossed*. See Resp.'s State Mot. to Dismiss, Ex. 3, at 3 (Perry's plea agreement). The Commonwealth's Attorney responsible for Perry's case was on vacation, and was expected to return on the day of the trial. Mot. to Dismiss ¶ 3; Pet. Att. 4. On the day before the trial, petitioner's counsel, having not yet received the discovery material, moved for a continuance. See Pet. Att. 4-5. The trial court denied this motion. Petitioner states that his counsel was ineffective for failing to renew the motion on the morning of the trial. See id. at 5.

The Supreme Court of Virginia, reviewing petitioner's state habeas corpus petition, rejected this claim on the merits. Specifically, the Circuit Court dismissed the claim as failing to

4

satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Marshall v. Warden, slip op., at 1-2. The court found, based on an affidavit from the Chesapeake Commonwealth's Attorney, the record of petitioner's sentencing hearing, and the record of Perry's sentencing hearing, that Perry had not been given any consideration for his testimony at petitioner's trial. The Commonwealth's Attorney stated that Perry's burglary charge had been *nolle prossed* due to "evidentiary problems in proving that [Perry] committed the burglary, so [she] agreed to drop that charge in exchange for guilty pleas to the other two charges." Resp.'s State Mot. to Dismiss, Ex. 3, at 1 (Poindexter Letter). The Supreme Court of Virginia thus found that "petitioner had failed to show [that] Perry received any consideration which was not disclosed to counsel or that counsel's decision not to request a continuance was unreasonable." Marshall v. Warden, slip op., at 2. In reviewing the state court's decision as to Ground One, it is clear that the Supreme Court of Virginia's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts.

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to

5

the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

Here, the Supreme Court of Virginia held that petitioner could not meet either prong of the Strickland test. The court found that, at petitioner's trial,

> The record . . . demonstrates that the charge against Perry was not dismissed in exchange for his testimony. Instead, it was dismissed because the Chesapeake prosecutor thought the evidence against Perry was questionable and dismissing it would secure guilty pleas to associated charges. Perry admitted that he had attempted to use the information about petitioner's case to gain reconsideration of a sentence he had received for robbery and use of a firearm. Petitioner has failed to show Perry received any consideration which was not disclosed to counsel or that counsel's decision not to request a continuance was unreasonable.

Marshall v. Warden, slip op., at 2. Petitioner's counsel did not cross-examine Perry about his larceny or burglary charges. See Trial Transcript, Commonwealth v. Marshall, Case No. CR11R-033 (July 26, 2011), at 89-91. As a court should presume that a lawyer acted competently based on the information available to her at the time, Bell, 535 U.S. at 695, it is reasonable to believe that petitioner's attorney knew that questioning Perry about his larceny conviction would not make a difference in petitioner's trial. Indeed, the Supreme Court of Virginia found that petitioner had not shown that his attorney's performance was deficient. The court also held that petitioner could not show that, but for counsel's errors, the result of his trial would have been different. As petitioner has not provided clear and convincing evidence that the Supreme Court of Virginia's factual findings were erroneous, see Miller-El, 545 U.S. at 240, this Court accepts the accuracy of its factual findings. Therefore, as nothing in the Supreme Court of Virginia's analysis is factually unreasonable or contrary to or an unreasonable application of established federal law, Claim One must be dismissed.

B. Insufficient Evidence

Petitioner also argues that the evidence presented at trial was insufficient to prove petitioner's guilt beyond a reasonable doubt. See Pet. Att. 9. Specifically, he argues that the evidence at trial "consisted of inherently incredible witness testimony from a witness who told a number of different versions of what had supposse [sic] to have [taken] place on the night in question." Id. Petitioner also states that there was no physical evidence to connect him with the crime. He thus states that the Commonwealth failed to prove every element of the crime beyond a reasonable doubt. See id. at 10-11.

The Court of Appeals of Virginia, on direct review, held that the jury accepted the credibility of the Commonwealth's witnesses, and that the trial record supported such a determination. See Marshall v. Commonwealth, R. No. 2138-11-1, at 2 (Va. Ct. App. 2012).[3] In reviewing the state court's decision as to Claim Two, it is clear that the Court of Appeals of Virginia's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts.

Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the

---

[3] The Supreme Court of Virginia, relying on Henry v. Warden, 265 Va. 246, 249, 576 S.E. 2d 495, 496 (2003), declined to examine this claim in petitioner's habeas petition, as the trial and appellate courts had determined the question on direct appeal. Marshall v. Warden, slip op., at 2. As the Court of Appeals of Virginia provided the last reasoned analysis of petitioner's claim, this Court looks to its opinion for analysis. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)

7

sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the jury's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Court of Appeals of Virginia, reviewing petitioner's challenge to the sufficiency of the evidence on direct appeal of his conviction, found that "the jury accepted the testimony of the Commonwealth's witnesses." Marshall v. Commonwealth, slip op., at 2. Petitioner claims that the testimony of Michelle Hunt, an eyewitness to the murder, was "inherently incredible," Pet. Att. 9, because she was under the influence of alcohol and drugs, gave multiple inconsistent statements to detectives, and provided multiple different versions of what happened on the night of the crime. Id. at 11-13. However, the Court of Appeals found that the jury believed Hunt's testimony that she provided multiple different versions of events because of her fear of the petitioner. Marshall v. Commonwealth, slip op at 2. As the Court of Appeals stated, the jury has the duty of determining the credibility of witnesses, and the jury chose to credit Hunt's testimony. Id. (quoting Love v. Commonwealth, 18 Va. App.84, 89, 441 S.E.2d 709, 713 (1994)). The Court of Appeals also found that the record supported this credibility determination, and that "the Commonwealth's evidence was competent, not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [petitioner] was guilty of second-degree murder, robbery, and two counts of use of a firearm during the commission of a

8

felony." Id. As nothing in this analysis is objectively unreasonable, or is contrary to or an unreasonable application of clearly established federal law, Claim Two must be dismissed.

C. Actual Innocence

Petitioner asserts a claim of actual innocence, and attempts to "present this Court with evidence that Perry's testimony implicating petitioner is false." Pet. Att. 16. Petitioner attempts to submit an affidavit by an inmate named Mario Jones, stating that Perry confessed that he made false statements during petitioner's trial. Id. Plaintiff states that this affidavit contradicts the "incredible testimony" of the trial witnesses, and proves that petitioner is actually innocent of the crime. Id. at 17. Petitioner did not raise this claim in his state court proceedings.

This Court will not consider a free-standing actual innocence claim raised for the first time in a federal habeas petition for two reasons. First, this claim is unexhausted, as petitioner has not raised it in either his direct appeal or his state habeas corpus petition. To properly exhaust a claim, petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to exhaust requires dismissal from federal court so that the petitioner may present her claims to the state courts. See 28 U.S.C. 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). As petitioner has not exhausted his actual innocence claim, this Court has no jurisdiction to consider it in this petition.

Even if petitioner had exhausted his claim, the Supreme Court of the United States has never entertained such claims on collateral review. See McQuiggen v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a free-standing claim of actual innocence."). The Supreme Court has permitted prisoners to use a claim of actual innocence as a gateway to a review of constitutional claims in an otherwise-

procedurally defaulted claim. See McQuiggen, 133 S. Ct. at 1928 (holding that actual innocence can serve as a gateway for determining claims barred by the statute of limitations); Schlup v. Delo, 513 U.S. 298, 313-317 (1995) (holding that a claim of actual innocence can serve as a gateway to consider procedurally defaulted claims). Although petitioner claims that his actual innocence claim is merely a way to meet the Schlup gateway standard, see Opp'n to Mot. to Dismiss, at 1-3, he states on the face of his petition that the affidavit proves that he is actually innocent of the crime. See Pet. Att. 17. In addition, none of plaintiff's claims are procedurally barred in any way, and thus he has no reason to utilize the Schlup gateway provisions. Petitioner therefore is attempting to assert a free-standing claim of actual innocence, based on evidence that he failed to exhaust at in his state proceedings. The Court therefore will not consider this new evidence. His actual innocence claim must therefore be dismissed.

Because nothing in the state court records indicates that the decision of the either Supreme Court of Virginia or the Court of Appeals of Virginia was contrary to, or an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts, all of petitioner's grounds for relief must be dismissed. This decision renders moot petitioner's "Motion to Amend and/or Supplement to Federal Habeas Corpus." Accordingly, this motion must be denied.

### VI. Conclusion

For the above stated reasons, this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 25th day of Nov 2014.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

10